IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

NOVEMBER 1997 SESSION



**FILED**

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | C.C.A. # 02C01-9611-CR-00432 |
| Appellee, | * | SHELBY COUNTY |
| VS. | * | Hon. Carolyn Wade Blackett, Judge |
| GREG SIMMONS, | * | (Sentencing) |
| Appellant. | * | |

**January 13, 1998**

**Cecil Crowson, Jr.**

**Appellate Court Clerk**

For Appellant:

William D. Massey
Attorney
3074 East Street
Memphis, TN 38128

For Appellee:

John Knox Walkup
Attorney General and Reporter

Georgia Blythe Felner
Counsel for the State
450 James Robertson Parkway
Nashville, TN 37243-0493

James Challen
Assistant District Attorney General
Shelby County District Attorney
        General's Office
201 Poplar Avenue, Third Floor
Memphis, TN 38103

OPINION FILED:_____

AFFIRMED

GARY R. WADE, JUDGE

<u>OPINION</u>

The defendant, Greg Simmons, pled guilty to two counts of driving on a revoked license, reckless driving, and simple possession of cocaine. For these four Class A misdemeanors, the trial court imposed concurrent sentences of ninety days and fines of $500.00 on each count. The single issue presented for our review is whether the trial court erred by denying probation or an alternative sentence under the Community Corrections Act. We find no error and affirm the judgment of the trial court.

The possession of cocaine conviction, reduced by agreement of the state from possession with the intent to sell or deliver, resulted from an incident which took place on or about March 10, 1995. One of the convictions for driving on a revoked license was based upon an incident occurring on or about June 13, 1995. The second conviction for driving on a revoked license and the reckless driving offense resulted from an incident occurring September 11, 1995.

The defendant, age twenty-three at the time of the sentence, is single but resides with Barbara Love, with whom he has one child, Gregory Simmons, Jr., now two years of age. Expelled from school in the tenth grade for smoking marijuana, the defendant obtained his GED from the Shelby Training Center in 1990. At the time of his arrest, he managed a beauty salon and worked in a fish market. He estimated that he worked a total of sixty hours each week in providing support for his family. While acknowledging that he had smoked marijuana on a daily basis, the defendant claimed that his last use of the drug was some seven months prior to his sentencing hearing.

The presentence report indicates a prior criminal history which began

2

at the time he was seventeen years of age and includes three prior instances of driving on a revoked license, speeding, possession of marijuana, and the unlawful possession of a weapon. He has served jail terms for two of the prior instances of driving on a revoked license, criminal trespass, driving under the influence, a prior possession of a controlled substance conviction, and a felony conviction for possession of a controlled substance with intent to sell or deliver. During the sentencing, the defendant conceded that he was not entitled to probation but sought placement in a Community Corrections Program based in great part on his desire to receive treatment for substance abuse.

The trial court noted that the defendant had been unsuccessful in completing a prior probationary term. While complimenting the defendant for undergoing a voluntary drug treatment program, the trial court expressed concern about the defendant's having sold drugs. The decision to deny an alternative sentence was based primarily upon the defendant's prior criminal history and his failure to meet the conditions of probation on his prior three-year felony sentence. The trial court left open the question of whether the defendant would be placed in a Community Corrections Program upon the completion of a portion of his sentence.

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence.

3

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, and -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

Among the factors applicable to the defendant's application for probation are the circumstances of the offense, the defendant's criminal record, social history and present condition, and the deterrent effect upon and best interest of the defendant and the public. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978).

Especially mitigated or standard offenders convicted of Class C, D, or E felonies are presumed to be favorable candidates "for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6). With certain statutory exceptions, none of which apply here, probation must be automatically considered by the trial court if the sentence imposed is eight years or less. Tenn. Code Ann. § 40-35-303(a), (b).

In misdemeanor sentencing, a separate sentencing hearing is not mandatory but the court is required to provide the defendant with a reasonable opportunity to be heard as to the length and manner of the sentence. Tenn. Code Ann. § 40-35-302(a). Misdemeanor sentences must be specific and in accordance with the principles, purposes, and goals of the Criminal Sentencing Reform Act of 1989. Tenn. Code Ann. §§ 40-35-104, -117, and -302; State v. Palmer, 902 S.W.2d 391, 393 (Tenn. 1995). The misdemeanor offender must be sentenced to an

authorized determinant sentence with a percentage of that sentence designated for eligibility for rehabilitative programs. Generally, a percentage of not greater than 75% of the sentence should be fixed for a misdemeanor offender; however, a DUI offender may be required to serve the full 100% of his sentence. Palmer, 902 S.W.2d at 393-94. In determining the percentage of the sentence, the court must consider enhancement and mitigating factors as well as the legislative purposes and principles related to sentencing. Id.

Upon service of that percentage, the administrative agency governing the rehabilitative programs determines which among the lawful programs available is appropriate. The trial court retains the authority to place the defendant on probation either immediately or after a period of periodic or continuous confinement. Tenn. Code Ann. § 40-35-302(e). The legislature has encouraged courts to consider public or private agencies for probation supervision prior to directing supervision by the Department of Correction. Tenn. Code Ann. § 40-35-302(f). The governing statute is designed to provide the trial court with continuing jurisdiction in misdemeanor cases and a wide latitude of flexibility. The misdemeanant, unlike the felon, is not entitled to the presumption of a minimum sentence. State v. Creasy, 885 S.W.2d 829 (Tenn. Crim. App. 1994).

The purpose of the Community Corrections Act of 1985 was to provide an alternative means of punishment for "selected, nonviolent felony offenders in front-end community based alternatives to incarceration." Tenn. Code Ann. § 40-36-103. The Community Corrections sentence provides a desired degree of flexibility that may be both beneficial to the defendant yet serve legitimate societal aims. State v. Griffith, 787 S.W.2d 340, 342 (Tenn. 1990). That a defendant meets the minimum requirements of the Community Corrections Act of 1985, however,

5

does not mean that he is entitled to be sentenced under the Act as a matter of law or right.  State v. Taylor, 744 S.W.2d 919 (Tenn. Crim. App. 1987).  The following offenders are eligible for Community Corrections:

> (1) Persons who, without this option, would be incarcerated in a correctional institution;
>
> (2) Persons who are convicted of property-related, or drug/alcohol-related felony offenses or other felony offenses not involving crimes against the person as provided in title 39, chapter 2 [repealed], parts 1-3 and 5-7 or title 39, chapter 13, parts 1-5;
>
> (3) Persons who are convicted of nonviolent felony offenses;
>
> (4) Persons who are convicted of felony offenses in which the use or possession of a weapon was not involved;
>
> (5) Persons who do not demonstrate a present or past pattern of behavior indicating violence;
>
> (6) Persons who do not demonstrate a pattern of committing violent offenses;  and
>
> (7) Persons who are sentenced to incarceration or on escape at the time of consideration will not be eligible.

Tenn. Code Ann. § 40-36-106(a).

The defendant is eligible for consideration of both probation or an alternative sentence under the Tennessee Community Corrections Act.  In his favor, he has demonstrated a good work ethic and has provided support for his girlfriend and his son.  He has expressed regret for his actions and has voluntarily sought treatment for substance abuse, completing a program on August 31, 1995.

On the other hand, the defendant conceded that he had sold cocaine while on probation for his prior felony offense.  He explained that "my family needed a place to stay at the time ..., business was slow ..., [and] and I wasn't making too much money."  Traditionally, the trial courts have been permitted to look to the true

6

circumstances of the crime regardless of whether the original indictment, a felony in this case, had been reduced to misdemeanor simple possession. Here, there were four offenses committed in three separate incidents occurring over a period of six months. After being arrested for driving on a revoked license, the defendant continued to drive until caught a second time. During this time, he was on probation for a felony conviction.

The primary purpose of the Criminal Sentencing Reform Act of 1989 is to impose "a sentence justly deserved in relation to the seriousness of the offense." Tenn. Code Ann. § 40-35-102. Punishment is appropriate to restrain "defendants with a lengthy history of criminal conduct." Tenn. Code Ann. § 40-35-102(3)(B). While it is entirely appropriate to consider the least necessary sentence and to consider alternative sentences, confinement is warranted when less restrictive measures have been unsuccessfully applied to the defendant. Tenn. Code Ann. § 40-35-103(1)(C) and (6).

This record demonstrates that the trial considered the sentencing principles and all relevant facts and circumstances. Ashby, 823 S.W.2d at 169. Whether the issue is probation or placement in Community Corrections, the trial court must be afforded some discretion in determining the appropriate sentence. The facts in each case control the ultimate disposition. Taylor, 744 S.W.2d at 922. That a defendant qualifies for probation consideration or meets the minimum criteria of the Community Corrections Act does not mean he is entitled to an alternative sentence. Here, the presumption of correctness prevails. While demonstrating that he is amenable to rehabilitation and that he has other favorable qualities, the defendant has earned the ninety-day sentence. His prior criminal history, his failure to meet the terms of his probation, the circumstances of the crime, and our own

7

desire to insure that the trial courts retain a considerable measure of flexibility in the disposition of misdemeanor cases, warrant the denial of relief.

Accordingly, the judgment is affirmed.

_____
Gary R. Wade, Judge

CONCUR:


_____
David G. Hayes, Judge


_____
Joe G. Riley, Judge

8